UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2010 MAR 23  A 10: 40

BY DEPUTY CLERK

SHARON M. CRARY

VERSUS

EAST BATON ROUGE PARISH
SCHOOL BOARD

CIVIL ACTION
NO. 04-588-C

ORDER

On August 6, 2009, the Fifth Circuit rendered a judgment, affirming in part this court's dismissal of plaintiff's federal claims and vacating in part this court's dismissal plaintiff's state law claims.

Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over plaintiff's remaining claims against defendant. However, supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right."[1] Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims."[2] The Fifth Circuit has stated that "[o]ur general rule is to dismiss state claims when the federal claims to which they are

---

[1] **United Mine Workers of America v. Gibbs,** 383 U.S.715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[2] **Carnegie-Mellon University v. Cohill,** 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Doc#1845

pendent are dismissed."[3] After considering the factors, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly,

IT IS ORDERED that plaintiff's remaining claims are dismissed without prejudice.

Baton Rouge, Louisiana, this 22nd day of March, 2010.

                                        RALPH E. TYSON, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT
                                        MIDDLE DISTRICT OF LOUISIANA

---

[3] **Parker & Parsley Petroleum Company v. Dresser Industries,** 972 F.2d 580, 585 (5th Cir. 1992).